UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: LINDSEY NICOLE NOLL<br>　　　　Debtor | : | CHAPTER 13 |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>　　　　Movant | : | |
| vs. | : | |
| LINDSEY NICOLE NOLL<br>　　　　Respondent | : | CASE NO.  1-24-bk-02056 |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this   26th   day of September, 2024, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor's plan for the following reason(s):

1. Debtor's plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor has not submitted all or such portion of the disposable income to the Trustee as required.   More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

　　a. Debtor's plan violates §§ 1322(a)(1) and 1325(b) in that the debtor has not submitted all or such portion of the disposable income required.   The Trustee alleges and avers that debtor(s) disposable income is greater than the monthly amount committed to the plan based upon the means test calculation.   Even plans that pay a 100% dividend to unsecured creditors are required to pay the monthly means test minimum amount, unless the plan pays a 100% dividend to unsecured creditors <u>and</u> interest is paid to unsecured creditors at the federal judgment interest rate.   See *In re Parke,* 369 B.R. 204 (Bankr. M.D. Pa. 2007) and *In re Barnes,* 528 B.R. 501 (Bankr. S.D. Ga. 2015).

2. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the plan, as required by the Mean Test.

WHEREFORE, Trustee alleges and avers that debtor's plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of debtor(s) plan.
b. Dismiss or convert debtor(s) case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 27th day of September, 2024 , I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Chad Julius, Esquire
8150 Derry Street, Suite A
Harrisburg, PA   17111

/s/Deborah A. DePalma
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee